|  |  |  |
|---|---|---|
| JOHN PEDROW, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 12 CV 2791 |
| Plaintiff, | ) ) ) | Judge Charles R. Norgle, Sr. |
| v. | ) ) | |
| GROUPON, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |
| JOHN H. COTTRELL, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 12 CV 3129 |
| Plaintiff, | ) ) ) | Judge Charles R. Norgle, Sr. |
| v. | ) ) | |
| GROUPON, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## Stipulation and ~~[Proposed]~~ Order Regarding Scheduling

Subject to this Court's approval, the parties have agreed to the following stipulation:

1.     On May 1, 2012, Judge Norgle made findings pursuant to Local Rule 40.4 that the following cases – *Kathleen Roselli v. Groupon, Inc., et al.*, No. 12 CV 2460, *Dennis Einspahr v. Groupon, Inc., et al.*, No. 12 CV 2547, and *John Pedrow v. Groupon, Inc., et al.*, No. 12 CV 2791 -- are related to the case captioned *Zhang v. Groupon, Inc., et al.*, No. 12 CV 2450, which was previously assigned to this Court. On May 2, 2012, the Executive Committee entered Orders reassigning the *Roselli*, *Einspahr*, and *Pedrow* cases to this Court.

2.     On May 11, 2012, Judge Norgle made a finding pursuant to Local Rule 40.4 that the following case – *John H. Cottrell v. Groupon, Inc., et al.*, No. 12 CV 3129 – is related to the

2

case captioned *Zhang v. Groupon, Inc., et al.*, No. 12 CV 2450. On May 15, 2012, the Executive Committee entered an Order reassigning the *Cottrell* case to this Court.

3.      The *Zhang, Roselli, Einspahr, Pedrow*, and *Cottrell* actions are all related and collectively referred to as the "Related Actions" herein.

4.      The Related Actions are governed in various respects by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

5.      Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), plaintiff in *Zhang v. Groupon, Inc., et al.*, No. 12 CV 2450, the first-filed action, published notice of his putative class action suit on April 3, 2012.

6.      Before the underlying cases can proceed, a lead plaintiff and lead counsel must be appointed by the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), any member of the putative class may move the Court to serve as lead plaintiff of the class no later than sixty (60) days after the date on which the notice of the class was published. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court shall consider any motion to be appointed lead plaintiff within ninety (90) days after the notice is published. In this case, the deadline for filing a motion to be appointed lead plaintiff is June 4, 2012.

7.      The PSLRA requires that if a party moves to consolidate multiple class actions asserting substantially the same claims, the Court must resolve the issue of consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

8.      The parties agree that the Related Actions involve common questions of law and fact for purposes of Rule 42(a) of the Federal Rules of Civil Procedure and should therefore be

3

consolidated pursuant to Rule 42(a) as *In re Groupon, Inc. Securities Litigation*, Master File No. 12 CV 2450.

9.     The parties anticipate that after a lead plaintiff is appointed and lead counsel is approved by the Court, a consolidated or amended complaint will be filed by the lead plaintiff.

10.     Within sixty (60) days of an Order appointing lead plaintiff and lead counsel, lead plaintiff shall file a consolidated or an amended complaint, or notify defendants in writing that lead plaintiff intends to rely on a current complaint.

11.     In view of the fact that a consolidated or amended complaint is anticipated, and that lead plaintiff and lead counsel determinations remain, Defendants shall not be required to answer or otherwise respond in this matter until sixty (60) days after lead plaintiff has filed a consolidated or amended complaint, or has otherwise designated in writing the operative complaint.

12.     In the event that defendants move to dismiss the operative complaint, lead plaintiff shall have forty-five (45) days from the date defendants file such motions to file response briefs.  Defendants shall have thirty (30) days from the date the lead plaintiff files response briefs to file reply briefs.

13.     Pursuant to 15 U.S.C. § 78u-4(b)(3)(B), all discovery shall be stayed pending resolution of defendants' motion(s) to dismiss the operative complaint.  During the pendency of the PSLRA's discovery stay, defendants shall comply with the 15 U.S.C. § 78u-4(b)(3)(C)(i) provisions concerning document preservation.

14.     The parties request that the Court schedule a status hearing in the above-captioned cases for on or around August 1, 2012.

15.     The parties agree that this stipulation is made in the interests of efficiently proceeding with this action, not to delay the proceedings, and will not prejudice any party.

[signatures commence on following page]

STIPULATED AND AGREED this 18th day of May 2012:

/s/ James E. Barz (with consent)
James E. Barz
Robbins Geller Rudman & Dowd LLP
200 S. Wacker Drive
Suite 3100
Chicago, IL 60606

*Attorney for Plaintiff Fan Zhang*

/s/ Patrick Vincent Dahlstrom (with consent)
Jeremy Alan Lieberman
Patrick Vincent Dahlstrom
Leigh Handelman Smollar
Joshua B. Silverman
Matthew L. Tuccillo
Pomerantz Haudek Grossman & Gross LLP
10 South LaSalle Street
Suite 3505
Chicago, Illinois 60603

*Attorneys for Plaintiff Kathleen Roselli*

/s/ Mark Richard Miller (with consent)
Kenneth A. Wexler
Mark Richard Miller
Wexler Wallace LLP
55 West Monroe Street
Suite 3300
Chicago, IL 60603

Daniel Charles Girard
Ian Philip Samson
Jonathan Krasne Levine
Girard Gibbs LLP
601 California Street
Suite 1400
San Francisco, CA 94108

*Attorneys for Plaintiff Dennis Einspahr*

/s/ Peter E. Borkon (with consent)
Daniel J. Kurowski
Elizabeth A. Fegan
Peter E. Borkon
Reed R. Kathrein
Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1144 West Lake Street
Suite 400
Oak Park, Illinois 60301

*Attorneys for Plaintiff John Pedrow*

/s/ Norman Rifkind (with consent)
Norman Rifkind
Leigh R. Lasky
Heidi E. VonderHeide
Amelia Susan Newton
Lasky & Rifkind, Ltd.
351 West Hubbard Street
Suite 401
Chicago, Illinois 60654

*Attorneys for Plaintiff John H. Cottrell*

6

/s/ Howard S. Suskin

Anton R. Valukas (Illinois Bar #2883678)
Elizabeth A. Coleman (Illinois Bar #6236597)
Howard S. Suskin (Illinois Bar #6185999)
Marc D. Sokol (Illinois Bar #6276263)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350

*Attorneys for Defendants Groupon Inc.,
Andrew D. Mason, Jason E. Child, Joseph M.
Del Preto, Eric P. Lefkofsky, Theodore J.
Leonsis, Peter J. Barris, Kevin J. Efrusy,
Mellody Hobson, Bradley A. Keywell, and
Howard Schultz*

/s/ Edward N. Moss (with consent)

Kevin Buckley Duff
Michael Rachlis
Rachlis Durham Duff Adler & Peel, LLC
542 South Dearborn Street
Suite 900
Chicago, IL 60605

Jonathan Rosenberg
Allen W. Burton
Edward N. Moss
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

*Attorneys for Defendants Morgan Stanley &
Co. LLC, Goldman, Sachs & Co., Credit Suisse
Securities (USA) LLC, Allen & Company LLC
Merrill Lynch, Pierce, Fenner & Smith Inc.,
Barclays Capital Inc., Citigroup Global
Markets Inc., Deutsche Bank Securities Inc.,
J.P. Morgan Securities LLC, Wells Fargo
Securities, LLC, William Blair & Company
L.L.C., Loop Capital Markets, Inc., RBC
Capital Markets LLC, The Williams Capital
Group, L.P.*

SO ORDERED this 5 day of June, 2012

Hon. Charles R. Norgle, Sr.
United States District Judge

7